UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JENNIFER KELLY                              CIVIL ACTION

VERSUS                                      NO: 07-7548

HARTFORD FIRE INSURANCE CO.,                SECTION: "A" (3)
ET AL.

## ORDER AND REASONS

Before the Court is a **Motion for Summary Judgment (Rec. Doc. 23)** filed by defendant Hartford Fire Insurance Co. Plaintiff Jennifer Kelly opposes the motion. The motion, set for hearing on January 7, 2009, is before the Court on the briefs without oral argument. For the reasons that follow the motion is GRANTED.

## I. BACKGROUND

Plaintiff Jennifer Kelly seeks additional insurance proceeds for flood damage that she allegedly sustained to her rental property located in Kenner, LA during Hurricane Katrina. Defendant Hartford is a Write-Your-Own Program carrier participating in the U.S. Government's National Flood Insurance

Program ("NFIP"). Hartford moves to dismiss Plaintiff's claims because *inter alia* she did not file a timely sworn proof of loss as required by her SFIP.[1]

## II. DISCUSSION

Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," when viewed in the light most favorable to the non-movant, "show that there is no genuine issue as to any material fact." TIG Ins. Co. v. Sedgwick James, 276 F.3d 754, 759 (5th Cir. 2002) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986)). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Id. (citing Anderson, 477 U.S. at 248). The court must draw all justifiable inferences in favor of the non-moving party. Id. (citing Anderson, 477 U.S. at 255). Once the moving party has initially shown "that there is an absence of evidence to support the non-moving party's cause," Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986), the non-movant must come forward with "specific facts" showing a genuine factual issue for trial. Id. (citing Fed. R. Civ. P. 56(e); Matsushita Elec. Indus. Co. v. Zenith

---

[1] Standard Flood Insurance Policy

2

Radio, 475 U.S. 574, 587 (1986)). Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial. Id. (citing SEC v. Recile, 10 F.3d 1093, 1097 (5th Cir. 1993)).

Standard Flood Insurance Policies ("SFIP") require that insureds asserting a claim file a proof of loss within 60 days, subject to any extensions approved by the Federal Emergency Management Agency ("FEMA"), of sustaining a loss due to flood. Wright, 415 F.3d at 387 (citing 44 C.F.R. §§ 61.13(a), (d), & (e) (1993); Foreman v. Fed. Emer. Mgt. Agency, 138 F.3d 543, 545 (5th Cir. 1998)). Courts have enforced this requirement strictly, holding that failure to timely file a proof of loss is a valid basis for denying an insured's claim. Wright, 415 F.3d at 387 (citing Neuser v. Hocker, 246 F.3d 508, 510 (6th Cir. 2001); Gowland v. Aetna, 143 F.3d 951 (5th Cir. 1998)). The NFIP is a federally-administered program supported by funds drawn from the federal treasury. Wright, 415 F.3d at 388 (citing Gowland, 143 F.3d at 955). Where federal funds are implicated, the person seeking those funds is obligated to familiarize himself with the legal requirements for receipt of such funds. Id. (citing Heckler v. Comm. Health Servs., Inc., 467 U.S. 51, 63 (1984)).

The pertinent federal regulations regarding requirements in

3

case of loss state as follows:

> Within 60 days after the loss, send us a proof of loss, which is your statement of the amount you are claiming under the policy signed and sworn to by you, and which furnishes us with the following information:
>
> a. The date and time of loss;
>
> b. A brief explanation of how the loss happened;
>
> c. Your interest (for example, "owner") and the interest, if any, of others in the damaged property;
>
> d. Details of any other insurance that may cover the loss;
>
> e. Changes in title or occupancy of the covered property during the term of the policy;
>
> f. Specifications of damaged buildings and detailed repair estimates;
>
> g. Names of mortgagees or anyone else having a lien, charge, or claim against the insured property;
>
> h. Details about who occupied any insured building at the time of loss and for what purpose;
> . . . .

44 C.F.R. § 61, App. A(1), VII(J). On August 31, 2005, FEMA issued a waiver such that the 60 day period for filing a sworn proof of loss would be extended to one year. The Federal Regulations include the following mandate:

> ***You may not sue us to recover money under this policy unless you have complied with all the requirements of the policy.*** If you do sue, you must start the suit within one year after the date of the written denial of all or part of the claim, and you must file the suit in the United States District Court of the district in which the covered property was located at the time of loss. This requirement applies to any claim that you may have under

>     this policy and to any dispute that you may have arising
>     out of the handling of any claim under the policy.

44 C.F.R. § 61, App. A(1), VII(r) (emphasis added).

This Court has been presented with the gamut of arguments attacking the proof of loss requirement in other cases and while recognizing the unforgiving nature of the pre-Katrina precedents in this circuit, e.g., Gowland v. Aetna, 143 F.3d 951 (5th Cir. 1998); Foreman v. Fed. Emer. Mgt. Agency, 138 F.3d 543, 545 (5th Cir. 1998); Wright v. Allstate Ins. Co., 415 F.3d 384, 390 (5th Cir. 2005), the Court was nevertheless persuaded that flood carriers were applying the proof of loss requirement in a hyper-technical fashion so as to preclude a timely filed lawsuit. See, e.g., Reichert v. Fidelity National Prop. & Cas. Ins. Co., No. 06-5448, 2006 WL 763706 (E.D. La. Mar. 8, 2007). Moreover, the Court was persuaded that Fifth Circuit cases like Gowland, Foreman, and Wright, supra, could be distinguished on their facts from cases like Reichert where the claim had been adjusted and partially paid and where the proof of loss requirement was raised for the first time after suit was filed. Reichert, 2007 WL 763706, at *3.

However, more recent decisions from the Fifth Circuit only reaffirm and broaden the principles espoused in prior cases  In Marseilles Homeowners Condominium Association, Inc. v. Fidelity

National Insurance Co., the flood carrier had made significant prelitigation flood payments without requiring a formal proof of loss. 542 F.3d 1053 (5th Cir. 2008). After Fidelity denied additional payments the plaintiff filed suit and Fidelity argued for the first time that the plaintiff's failure to submit a proof of loss barred any legal action on the claim. The district court and the Fifth Circuit agreed and in doing so rejected any arguments regarding *substantial* compliance with the federal regulations because *strict* compliance with a federal flood policy is required. Marseilles, 542 F.3d at 1056 (quoting Richardson v. American Bankers Ins. Co., 2008 WL 510518 (5th Cir. Feb. 27, 2008)). Moreover, the Fifth Circuit wholly rejected the oft-made contention that FEMA's memo of August 31, 2005, which extended the time period for filing a proof of loss, was intended to be a complete waiver by FEMA of the proof of loss requirement. Id. at *3-4. Finally, the Court once again rejected the application of estoppel because flood claimants are in essence seeking public funds from the Government. Id.

It is undisputed that Plaintiff did not file a sworn proof of loss in accordance with the terms of the SFIP for the additional sums that she seeks in this lawsuit. As harsh as it seems, Fifth Circuit precedent is clear that this Court has no discretion to ignore the proof of loss requirement. Hartford is

therefore entitled to judgment as a matter of law.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion for Summary Judgment (Rec. Doc. 23)** filed by defendant Hartford Fire Insurance Co. is **GRANTED**. Plaintiff's complaint is dismissed.

January 15, 2009

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE